Withers J.
delivered the opinion of the Court.
This Court concur with the Circuit Judge in the opinion, that the release given by the defendant, Ashby, to the witness, Thomas, rendered him competent to give testimony in this cause. But upon the third ground, we think the case ought to lie tried again, for wc cannot perceive how any proper and reasonable cons ruci ion of the testimony of Thomas could conduct the jury to the conclusion they have attained. It may be that the plaintiff has been paid all he is by law entitled to recover, but, we do not think there is evidence enough adduced in this case, in an intelligible form, to warrant that conclusion. In this wo but correspond with the impression of the Circuit Judge. When wc look to the transaction on which the note sued upon was founded, as the same is disclosed by the case of Dogan v. Ashby and others, (1 Richardson, 36,) wc cannot understand how the note of Jeter, which Thomas says was *436 rendered to the plain!.Ui' after the date of the note now in suit, could be applicable, in whole or in pari, to the object of reimbursing the plaintiff, for tbe judgments which be had procured from Shebon, Lice and M'Ciure. It seems (from the case above cited,) that by the very note row sued upon, those judgments were satisfied on the 24th March, 1837. If the fact be, that the note of Jeter was given at the time or bo.Sore the. satisfaction of die said judgments and partly for that end, then it is to be observed that the witness, Thomas, docs not say so; and the judgments having becti paid, it is at present notin! elligible how another satisfaction, wholly or in port, should have been made. We mean, however, to conclude nothing upon the facts;, but to suggest consideration.;:; that lead us to desire that another jury should pass upon them. Although we are not prepared to say that wo should send this ease back upon any objections which arc urged against the commission issued and used in this case, yet it is regarded ns a fit occasion to make some remarks, for the benefit of clerks of the Court os’Common Pleas. It is to be observed, 1 hat by íhe 17!h sec! ion of! lie A ct of Assembly, concerning She clerk’s duties, (Acts of 1839, p. 112,) the clerk is to empower any tico oí three or more commissioners, by a declimus issued under the seal of (he Court, to examine a witness. This proceeding is substituted for the supervision of the Court itself, added by the diligence of rival counsel, over the examination of a wi.'ness, and the process is placed (so far as preliminaries are concerned.) under the discretion of the clerk. It is quite material that every care should be taken to secure to each party every possible means, within the scope of the plan prescribed, of eliciting full and perfect answers to every question on cither side, by persons capabic of understanding them, competent to reduce them t o writing, and representing each party to the cause in such examination. It is manliest that the three or more persons to whom this very considerable function is to be delegated, are to be selected by the clerk according to the scheme of the section aforesaid, though the nomination should be made by the parties of course. And this is well; for it may often happen that very good objections may be urged to some of the commissioners named on *437 the one side or the other, as that one may want capacity, another may not be properly indifferent or unbiassed between the parties, and so forth. Such questions, it appears to me, are for the judgment of the clerk, and should always be considered when urged. But it is especially desirable, that, in the absence of any valid objection, the clerk should see that commissioners’ names should be inserted who may represent each party, in case such are named on each side. In many cases this may be very essential to the fate of the cause, in any case would be more satisfactory, for ex parte proceedings should be avoided as far as practicable. We may borrow an illustration from this case. Complaint is made by the plaintiff that his cross interrogatories have been slightly regarded by commissioners and witness, and are imperfectly answered; (and probably some members of this Court would, in the absence of other grounds more generally satisfactory for a new trial, be inclined to lend ear to the complaint;) and the plaintiff further complained, that tne name of his commissioner, nominated on his cross interrogatories filed, was not inserted in the commission. If this had been done, who can say that the cause would have existed for the former complaint? It is not perceived, in case no valid objection was urged on the other side against this commissioner, why his name was omitted.
The motion is granted without prejudice.